**Maxine B. COUSIN, et al.**

v.

**Ned McWHERTER, et al.**

No. 1:90–CV–339.

United States District Court,
E.D. Tennessee,
at Chattanooga.

Jan. 26, 1994.

On Motion for Stay on Appeal
March 8, 1994.

J. Kenneth Porter, pro se.

Myron B. McClary, Chattanooga, TN, Margaret Carey, Wanda Turner–Lee, Center for Constitutional Rights, Greenville, MS, Laughlin McDonald, Neil Bradley, Kathleen L. Wilde, American Civ. Liberties Union Foundation, Atlanta, GA, and Richard Dinkins, Williams & Dinkins, Nashville, TN, for plaintiffs.

Michael W. Catalano, State of Tennessee, Office of the Atty. Gen., Nashville, TN, T. Maxfield Bahner, Gary David Lander, and Michael J. Mahn, Chambliss & Bahner, Chattanooga, TN, for defendants.

## ORDER

HULL, District Judge.

In the Court's Memorandum Opinion dated January 13, 1994, 840 F.Supp. 1210, the Court found a violation of Section 2 of the Voting Rights Act in regard to Hamilton County's use of at-large elections for judges of the Eleventh Judicial Circuit of Hamilton County, Tennessee, and for the judges of the Court of General Sessions in Hamilton County. Therefore, this matter is before the Court to address a remedy to cure this violation.

First, the Court hereby **ENJOINS** the State from conducting any more elections under this at-large system of elections for the judges of the Eleventh Judicial Circuit of Hamilton County, Tennessee, and for the judges of the Court of General Sessions in Hamilton County. Second, the State of Tennessee is hereby **ORDERED** to submit a plan for the election of these judges which complies with the Voting Rights Act on or before April 1, 1994, to the end that it rectifies the current vote dilution and gives relief to the plaintiffs, no later than September 1, 1994. The plaintiffs have submitted a proposed plan which the Court will assume the State will consider when drawing a new plan.

The Clerk is **DIRECTED** to serve a copy of this Order as well as the Court's Memorandum Opinion dated January 13, 1994, and the plaintiffs' proposed remedy on John Wilder in his official capacity as Lieutenant Governor and Speaker of the Senate, and on James Naifeh in his official capacity as Speaker of the House of Representatives.

## ON MOTION FOR STAY ON APPEAL

This Voting Rights matter is before the Court to consider a motion for stay on appeal filed by the defendants. In regard to the temporary injunction which enjoins further use of the at-large system, the defendants announced that they only seek relief from this temporary prohibitory injunction insofar as the election of two newly created Sessions Judges is concerned. Although the defendants also seek a stay in regard to a "mandatory injunction" which they believe dictates an election in August of 1994, this portion of the Court's Order dated January 26, 1994 was apparently misunderstood. Although the Court directed that a plan for election of the judges be devised by the Tennessee Leg-

islature which did not violate the Voting Rights Act by April 1, 1994, the Court did not mandate that the relief that the plaintiffs were to receive by September of 1994 be an election. The Court suggested various forms of potential relief in its Order dated January 13, 1994, but left the actual plan and relief to the discretion of the Legislature with the proviso that the plan must not be violative of the Voting Rights Act. The fact that the Court put time limitations on the Legislature was in no way meant to dictate a particular plan or to mandate an election. Upon oral motion of the defendants in open court, and for good cause shown, the Court will extend the deadline for submission of a plan to the Court until April 15, 1994.

The plaintiffs move to deny any stay, asserting that the Court's Order is not a final appealable order, because a remedy has not been addressed and specific relief has not been ordered, and in the alternative, that the stay should be denied on the merits. For the reasons set out herein, the Court finds as follows:

## I. FINDINGS IN REGARD TO WHETHER OR NOT THE STAY IS PREMATURE

█ The Court finds that the order which enjoined the use of the at-large system of electing judges in Hamilton County is temporary in nature, and was only put into effect to maintain the status quo until such time that a remedial plan could be proposed by the Legislature. The Court finds that the portion of its Order that dictates that the Legislature formulate a plan within a certain time frame, is not an injunction and without more is not an appealable order. *Groseclose v. Dutton,* 788 F.2d 356 (6th Cir.1986). Therefore, the defendants' motion for a stay of this Order is premature.

## II. FINDINGS IN REGARD TO THE MERITS OF A STAY ON APPEAL

█ The Court incorporates its findings of fact and conclusions of law from its Order dated January 13, 1994, by reference herein. The defendants contend that there is a substantial likelihood that they will succeed on appeal; that there will be irreparable harm to the defendants if Hamilton County is not permitted to proceed to elect two new Sessions Judges as soon as they are created; that there will be no harm to the plaintiffs if a stay is granted; and that the public interest in maintaining the integrity of the judiciary by having co-extensive jurisdiction and electorate is a controlling factor in this case.

The defendants allege that there is a substantial likelihood that they will succeed on appeal. However, the findings of fact that the defendants stipulated prior to the trial of this cause established the threshold requirements of a Voting Rights violation as set out in *Thornburg v. Gingles,* 478 U.S. 30, 106 S.Ct. 2752, 92 L.Ed.2d 25 (1986), insofar as the four-seat configuration for Circuit Judges was concerned. At the trial of this cause the plaintiffs also proved that *Gingles'* factors were satisfied by a three-seat configuration for Criminal Judges and Sessions Judges. If two additional Sessions Judgeships are created, a five-seat configuration created for the five Sessions Judges would more than satisfy *Gingles'* requirements. Inasmuch as the defendants' stipulated facts would establish five out of the seven Senate Factors, the Court also found that the "results" test for an influence claim was satisfied in regard to the two-seat configuration for Chancellors. Although the Court did consider the State's interest, the Court concluded that balancing the State's interest in co-extensive jurisdiction and electorate with the *Gingles'* factors that were present, and the other Senate factors that were present, this interest was tenuous and did not suffice to overcome a violation of the Voting Rights Act.

█ The Court also finds that there is no irreparable harm to defendants. The injunction that prohibits use of the at-large system to elect new judges in Hamilton County does not deprive Hamilton County of two new Sessions Judges, but rather restricts the manner in which they may be selected. To permit them to be selected by a method found to violate the Voting Rights Act will only perpetuate the violation, compound the problem, and further complicate the remedy phase of the case. The public can still be served if these two new Sessions Judges are selected by a constitutional method.

528

■ The Court also finds that legislators are not violating the Tennessee Constitution and their oath of office by creating sub-districts. The Tennessee Constitution also prohibits splitting counties to create seats in the Legislature in Art. II, Section 5, but this has also been done to prevent a constitutional and/or Voting Rights violation. The Tennessee Constitution does not preempt the Voting Rights Act.

■ However, plaintiffs are harmed by the fact that they will continue to be denied equal access to the political process. The Court finds that to prolong the creation of a plan by the Legislature would only serve to prolong the harm that plaintiffs have suffered for many years. The Court also finds that the public interest lies in a smooth transition to a constitutional system of electing the judges of Hamilton County that complies with the Voting Rights Act.

Accordingly, it is hereby **ORDERED** that the defendants' motion for a stay is **DENIED** as being premature, and is also **DENIED** on the merits.